RAYMOND v. The GEORGE PRESCOTT. See Case No. 5,339.

RAYMOND v. HARRIS. See Case No. 9,338.

———

## Case No. 11,595.
### RAYMOND v. LONGWORTH.
[4 McLean, 481.] [1]

Circuit Court, D. Ohio. Nov. Term, 1848. [2]

TAXATION—SALE FOR TAXES—DESCRIPTION—SIGNING LIST — EVIDENCE — COPY OF OFFICIAL LETTER.

1. A copy of an official letter of instruction from the auditor of state to the county auditor of Hamilton county, certified by the latter to be a true copy, is admissible as evidence.

2. If the list of lands forfeited for the non-payment of taxes, required by law to be forwarded by the auditor of state to the proper county auditor, is not made out and authenticated according to law, the subsequent proceedings are void. Such list must be authenticated by the seal of the office of the auditor of state.

3. The signing of such list as follows: "J. B., Auditor of State, by J. B. T.," without any designation of the latter as chief clerk of the auditor's office—is not a signing within the requirement of the statute.

4. The tract in question was entered on the tax list, and so described in all the subsequent proceedings as "five acres in sec. 24, T. 4, R. 1." *Held*, that the tax sale is void for the vagueness and uncertainty of the description.

[This was an action by William F. Raymond against Nicholas Longworth.]

Mr. Raymond, for plaintiff.
Stanberry & Noble, for defendant.

LEAVITT, District Judge. This is an action of ejectment to recover a tract of five acres of land, near the city of Cincinnati. To prove title to the premises the plaintiff offered: 1st. A deed from the auditor of Hamilton county to Charles Phelps, dated February 12, 1845, reciting that said tract having been duly forfeited and re-forfeited to the state of Ohio for the taxes, interest and penalty for the years 1837 and 1838, had been duly sold to said Phelps pursuant to the statute. 2d. A deed from said Phelps to Daniel Raymond, dated December 10, 1845. 3d. A deed from Daniel Raymond to the lessor of the plaintiff, dated June 12, 1848. The defendant then offered an abstract from the records of the auditor's office of Hamilton county, showing the proceedings in the forfeiture and sale of said tract. This abstract sets forth, that said tract had been entered on the tax list of said county for the year 1837, in the name of James Cooper, and is

———

1 [Reported by Hon. John McLean, Circuit Justice.]

2 [Affirmed in 14 How. (55 U. S.) 76.]

described on said list as "five acres in section 24, township 4, range 1," and that having been delinquent for that and the following year, the tax, interest and penalty being added, it was offered for sale—and remaining unsold, was returned to the auditor of state as forfeited; and, that a list containing said tract among others, was afterward transmitted by the auditor of state to the auditor of Hamilton county, with instructions to sell the same according to the requirements of the statute. The abstract also exhibited the fact, that said tract, having been duly advertised, was sold on the 11th of December, 1843, to the said Phelps. As a part of said abstract, there is a copy of the letter of instructions from the auditor of state, appended to the list of forfeited lands, transmitted to the auditor of Hamilton county in the following words:

"Auditor of State's Office, Columbus, June 5, 1843. Auditor of Hamilton County: You will carefully examine the foregoing list, and strike from it such lands or lots, as you may know to be erroneously forfeited, taking care that none such escape the duplicate of taxation. You will then proceed to advertise and sell the remainder, according to the original act for the sale of forfeited lands, etc. Signed, John Brough, Auditor of State, by J. B. Thomas."

On the part of the plaintiff, the admission in evidence of the abstract referred to, is opposed, on the ground that the above letter of instructions from the office of the auditor of state is a copy, and not the original letter. The court has no difficulty in overruling the objection to this item of testimony. The letter is an official document, transmitted by the auditor of state to the auditor of Hamilton county, received by the latter, and made a part of his official record of sales of forfeited lands. The original, as an office paper, is in the proper keeping of the auditor of Hamilton county, which he can not rightfully permit to be taken from his files. It is well settled, that a duly authenticated copy of such a paper is competent evidence. 1 Greenl. Ev. p. 103.

This objection being disposed of, the inquiry is presented, whether the abstract referred to shows such a compliance with the requisitions of the statutes of Ohio, in regard to sales for taxes, as will sustain the tax title, under which the plaintiff claims.

It is insisted on the part of the defendant, that the list or abstract of forfeited lands transmitted to the auditor of Hamilton county from the office of the auditor of state is defective, in not being authenticated by his seal of office. If this objection is sustainable, it clearly vitiates the tax title set up in this case. The list which the statute requires should be transmitted to the auditor of state, is the basis on which alone the county auditor is authorized to sell for taxes. And if the requisitions of the law have not been strictly complied with in this respect, all the subsequent proceedings are void. The supreme court of Ohio, in the case of Hannel v. Smith, 15 Ohio, 134, have decided that under the tax law of 1842, it is necessary that the list of forfeited lands required to be forwarded to the county auditors should be authenticated by the seal of the auditor of state. And that court also held, that if the act of 1842 did not require this formality, it would be necessary, under the act of January 31, 1831, prescribing the duties of the auditor of state, and providing, among other things, that he shall keep a seal of office, and that "all official copies taken from the records or other documents in his office, shall be under said seal, and shall be certified and signed by the auditor." As the list of forfeited lands is a matter of record in the office of the auditor of state, it follows that a copy from the record must be verified by his official seal.

The proceedings in the tax sale are also objected to as invalid, on the ground that the list of forfeited lands is not officially signed by the auditor of state. It is signed "John Brough, Auditor of State, by J. B. Thomas," without any designation that the signing was by the latter, in his capacity of chief clerk in the auditor's office. By the ruling of the supreme court of Ohio, in the case before cited, this signing is insufficient; and in the case of Miner v. McLean [Case No. 9,630], which was tried in this court, at July term, 1845, Judge McLean, in giving the opinion of the court, says, that "where the signature of the auditor of state is necessary, I doubt whether it can be affixed by a deputy. In the absence of the auditor, the chief clerk is expressly authorized to act, by the statute; but this provision is limited to the person who holds the office of chief clerk." I think it clear that the signing in question, is not a legal authentication of the act of the auditor.

The invalidity of the proceedings which form the basis of the tax title in this case, is also urged, on the ground of the vagueness and uncertainty in the description of the land in the tax list, and which runs through all the subsequent proceedings, up to the time of the sale. It is described as five acres, in section 24, etc. The statute requires a pertinent description of the land, so that the same may be identified. It needs no argument to prove that the description here given does not meet the requisition of the statute. Indefiniteness in the description of land sold for taxes, constitutes a fatal objection to the validity of tax sales. 2 Ohio, 287; 5 Ohio, 458; 15 Ohio, 134; 16 Ohio, 24.

The position is assumed, in the argument of the plaintiff's counsel, that the whole course of judicial decisions in Ohio, in regard to tax sales, has proceeded from erroneous constructions of the state laws on that subject, and an entire misapprehension of the true principles of public policy connected with it. While I do not yield my assent

to this conclusion, I may properly remind the counsel that from a very early period in the history of the national judiciary, the supreme court of the United States have uniformly recognized their obligation to conform the decisions of that tribunal, in all cases involving the construction of state laws, to those of the state courts. It is quite unnecessary to refer to the numerous cases sustaining this remark. I trust, that this course, so warmly commended by the best and wisest men of the nation, and which has done so much to prevent unpleasant collisions between the national and state courts, will long continue.

The jury returned a verdict for the defendant.

[The judgment of this court was affirmed by the supreme court, where it was carried on writ of error. 14 How. (55 U. S.) 76.]