## M. J. WHITWORTH v. H. J. HARRIS.

1. CONTRACT: CONSIDERATION: CASE IN JUDGMENT.—H. and W. formed a partnership, for the purpose of erecting college buildings and conducting an institution of learning. H. stipulated to use his influence in securing donations to the institution; abandoned a similar enterprise for the purpose of entering into this partnership; gave up a pastoral charge at a pecuniary sacrifice. W. contracted to convey H. certain parcels of land, upon which the college buildings were to be erected. Held—That there was sufficient consideration to sustain the contract of W. to convey the land.

2. CONTRACT: PART PERFORMANCE: AVERMENT OF: CASE IN JUDGMENT.—Where it is stated in a bill in chancery for the specific performance of a contract, that complainant was diligent in the performance of his part of the agreement, until prevented by the alleged fraudulent conduct of the other party: Held—That the allegations were sufficient to show performance on the part of the complainant.

3. EVIDENCE: INADMISSIBILITY OF PAROL EVIDENCE.—As a general proposition, parol evidence is inadmissible to add a new term to a written agreement, in order to have the agreement, when so added to, or qualified, specifically performed.

4. EVIDENCE: ADMISSIBILITY OF PAROL EVIDENCE IN REFERENCE TO WRITTEN CONTRACTS.—Parol evidence is admissible for the purpose of identifying persons and things, referred to in a written instrument, and of applying the instrument to the facts, and of determining what passes by it, or who takes an interest in it.

5. PARTNERSHIP: SPECIFIC PERFORMANCE OF PARTNERSHIP ARTICLES WHEN DECREED.—Courts of equity will not, generally, decree the specific performance of partnership articles, unless the partnership is of a definite duration.

6. PARTNERSHIP: SPECIFIC PERFORMANCE OF PARTNERSHIP ARTICLES, OF PARTNERSHIPS OF INDEFINITE DURATION, WHEN DECREED.—Specific performance of part-

nership articles, though the partnership may be of indefinite duration, will be decreed, when it is necessary to invest one of the partners with the legal rights for which he entered into the partnership.

APPEAL from the Chancery Court of Lawrence county. Hon. John E. McNair, chancellor.

The facts of the case are stated in the opinion of the court.

*Harris* and *Hurst*, for appellant, contended,

1. That the circumstances under which the partnership articles were signed, give them the character of terms on which a partnership is to be formed in future.

2. That, if the agreement is to be regarded as creating a partnership, the stipulation that Whitworth is to convey to Harris a one-half interest in the lands upon which the college is erected, is indefinite as to the time of performance, and uncertain as to the quantity and description of the land. The stipulatation is ambiguous, and parol evidence may make the quantity of land a quarter of an acre, or a thousand.

3. That when the allegations of the bill are measured by the obligations and powers resulting from the articles, the only thing which looks like a failure of duty on the part of Whitworth, is his failure to convey the land; and this stipulation is so ambiguous, indefinite and uncertain, that, without the aid of parol testimony, a specific performance of it cannot be decreed.

4. That Courts of Equity will not interfere with existing partnerships, except for the purpose of winding them up. . The tendency of such interference is to place the administration of partnership affairs in the Court of Chancery, and to breed endless litigation. She sometimes interferes by injunction to prevent misapplication of partnership funds, and to restrain acts tending to the destruction of the business; but such relief is not asked for here. There is no instance of a bill to account, and sustained as such, which does not pray for a dissolution. Gow on Part., page 111; Story on Part., page 334, and notes.

7. The prayer for the conveyance of an indefinite quantity of land, and for a one-half interest therein, cannot be granted.

1 Vesey, Jr. 201; *Perkins* v. *Perkins*, 15 Vesey, 521; 6 Vesey, 330.

*W.* and *J. R. Yerger*, for appellee, contended,

1. That the contract was sufficiently specific and definite for the court to decree a specific performance of it. Agreements to form a partnership, although they relate altogether to chattel interests, will be enforced. 3 Parsons on Cont. 5 ed. 366; *Buxton* v. *Lister*, 3 Atk. 358; *England* v. *Curling*, 8 Beav. 137, 138.

2. That if the stipulation in relation to the land was vague, extrinsic evidence might be given in explanation or interpretation, and to identify the land. 2 Parsons on Cont. 5 ed. 549, 560, and cases cited in note C; Ib. 563, note K.

HARRIS, J., delivered the opinion of the court.

The appellee, Harris, filed this bill in the Chancery Court of Lawrence county, against appellant, seeking an account and specific performance of articles of partnership; and also damages for breach of his duty under said articles. Plaintiff in error demurred to this bill: 1. For want of equity; 2. Because the bill shows no consideration for the agreement by appellant to convey the land in dispute to defendant; 3. Because complainant does not show performance on his part, according to the contract set forth; 4. Because the court cannot inquire as to the amount of damages, the remedy being in another court.

The demurrer was sustained as to the last ground, and overruled as to the others. From this decision of the court, appellant brings the case here for revisal.

The bill alleges that the complainant is, and has been a traveling minister in the Methodist Episcopal Church, for twenty years past; that while engaged in the duties of his vocation, he entered into negotiations with several citizens of Copiah county, in this State, for the purpose of establishing a college for the education of young ladies, at some point on the New Orleans, Jackson, and Great Northern Railroad. That com-

plainant made a proposition to the citizens of Hazlehurst that they should raise, by subscriptions of $500 each, the sum of $6,000, to aid him in the erection of suitable buildings, etc., each subscriber to hold a scholarship in said institution for a given term. That within a few days after his proposition, said sum was reported to him as having been subscribed by good and reliable citizens, in and about said town of Hazlehurst, and he was urged by said subscribers to commence the necessary buildings at said town of Hazlehurst. That while these negotiations were pending, he had an interview with the appellant, a citizen of the town of Brookhaven, in the county of Lawrence, to whom complainant unfolded his plans; whereupon the said appellant urged complainant to visit said town of Brookhaven, and consider such propositions and inducements as would be made by the citizens of that place, before finally determining to establish said college at Hazlehurst. That in compliance with said solicitation, he did visit the town of Brookhaven, and was finally induced by the representation of appellant and his friends to abandon the proposed college at Hazlehurst, and enter into a copartnership with the said appellant in the enterprise of a college at Brookhaven. That at the time of formation of said partnership, it was complainant's understanding from said appellant, that the sum of $2,500 had been subscribed by himself and other citizens for the purpose of aiding and assisting complainant in carrying out his plans. That on the 3d day of May, 1859, he entered into a copartnership with appellant, for the purpose of erecting and furnishing a college for young ladies at Brookhaven, upon the terms and conditions contained in certain articles, filed as Exhibit A as a part of his bill. That in consideration of the service and influence of complainant, in obtaining patronage for said college, and of the sacrifice complainant would have to make in obtaining a release from his pastoral charge, and relinquishing the inducements held out to him at Hazlehurst, the appellant agreed in said articles of copartnership to grant him one-half interest in the lands on which the college buildings were to be erected. That at the time of

entering into said partnership, the grounds appointed by said appellant for said college buildings were pointed out to him by said appellant, as being the whole square or block J, in the town of Brookhaven, and the same are particularly described by lots, metes and bounds (excepting lots seven and eight, on which the Methodist church was erected), as the same on which the college buildings have since been erected. That in consenting to pass the subscription already obtained into the common stock of the firm, the understanding was, that complainant should be entitled to credit therefor, and that their subscriptions, as well as such further sums as he might obtain as donations, or as subscriptions upon the plan of scholarships, should constitute, together with one-half of the land aforesaid, his interest in the college. It was further agreed between complainant and appellant, at the time of forming said partnership, that the college buildings would cost about $5,000, the said appellant expressing his readiness to invest at least $3,000 of his own means, with which, and the $2,000 subscribed upon the plan of scholarships, and others which might be obtained, the said appellant agreed to erect and complete the college building by the time specified in the articles of copartnership. The bill further states that the sums raised by complainant as donations were not to be considered available in the erection of the buildings. These donations were to be appropriated towards furnishing said college. That complainant could have raised $3,000 as donations, and more if necessary, but for the fraudulent and deceitful practices of appellant, hereinafter stated. That complainant did secure, by subscription, $1,934. That complainant and appellant published a prospectus (Exhibit B), and also a circular (Exhibit C). That complainant, in consequence of the partnership, and at the instance of appellant, sought and obtained a release from his pastoral charge, to enter upon the agency for said college, by which he lost near $600. That complainant prosecuted the work of the agency with all diligence. That he collected and paid over to appellant about $800 ; took no receipt. That when the 15th day of September was near, and it was manifest that the buildings would not be ready,

citations, notes and references thereto, in Sumner's edition, so far as they are applicable to this case, only reiterate the rule "that as a general proposition, parol evidence ought not to be received, *to add a new term* to an agreement, in order to have the agreement, when so added to, or qualified, specifically performed;" or more generally, that parol evidence is inadmissible to add to, vary, or contradict the terms of a written instrument. This rule is, however, especially in modern times, subject to many exceptions.

Under the head, " of the inadmissibility of extrinsic evidence to identify persons and things," some of the late elementary works on that subject abound with cases of the highest authority, illustrating the exception that, for the purpose of applying the instrument to the facts, and determining what passes by it, or who takes an interest in it, proof extrinsic is admissible. See Phillips on Evidence, Cowen & Hill, and Edwards' Notes, volume 2, page 718, note 510, and cases there cited; Parsons on Contracts, 5th edition, 549, and cases cited.

In the case before us, the appellant, by the articles of partnership (exhibit A), agrees " to convey to the complainant one-half interest in the lands upon which the college is erected."

The bill alleges that the college was erected on certain lots, in a certain square, in the town of Brookhaven, describing it by metes and bounds; and we think it competent to show by extrinsic evidence the truth of this allegation.

It is lastly insisted by counsel for appellant, that a dissolution of the partnership in this case is inevitable, and as the bill neither seeks an injunction against improper acts by appellant, nor prays for a dissolution, the court should not entertain the bill for a specific performance of the articles, in relation to a conveyance of the land.

Mr. Gow, in his treatise on the law of partnership, page 109, treating of this subject, says, to entitle the complainant to a specific performance, it seems generally necessary, that the partnership contract should be for a definite duration ; for, if it be in the power of the defendant to render the decree abortive by an immediate dissolution, the court will not interfere. He

causes specially stated, as well as the want of equity (the first cause).

The second cause of the demurrer was, that the bill shows no consideration for the agreement by appellant. We think the statements of the bill are ample in this respect—abandoning his vocation, at a sacrifice of near $600—abandoning the proposals of the citizens of Hazlehurst, and giving up the subscription of $6,000, raised or subscribed to aid him in a similar enterprise in which he was about to engage at that place, all at the solicitation of appellant—devoting his services and influence to obtaining donations and scholarships, as well as patronage, for the benefit of said partnership—"passing" or transferring the subscriptions, already obtained at Brookhaven at the date of the partnership for his benefit, into the common stock of the firm. These and other statements in the bill, showing his agreements to render important and valuable services to the enterprise personally, must be regarded as showing ample consideration for the agreement of appellant, contained in the partnership articles, in relation to the conveyance of the lands on which the college was to be erected.

The third cause of demurrer was that complainant's bill does not show performance on his part according to the contract set forth.

On this point the statements of the bill are both full and special, averring diligence in the performance of his part of this agreement, until prevented by the alleged fraudulent conduct of appellant.

It is insisted however that, as a bill for a specific performance of that portion of the articles of partnership, relating to the conveyance of certain land to the complainant, it cannot be maintained; because that article is so ambiguous, that parol evidence must be resorted to in order to carry it out. And in support of this view we are referred to the cases of *Hare* v. *Shearwood*, 1 Vesey, Jr. 241; *Jenkinson* v. *Pepys*, cited in *Higginson* v. *Clowes*, 15 Vesey, Jr. 521; and *The Marquis of Townshend* v. *Stangroom*, 6 Vesey, Jr. page 330.

These cases, when properly considered with the numerous

appellant was disposed to defer opening the exercises of the college. An agreement was, however, made between them that the exercises should commence at the time appointed; that complainant should for the first five months have the exclusive benefit of all the profits arising from the boarding department, he paying all expenses of the same. That appellant agreed to furnish certain houses in the town, belonging to him, free of rent, for the steward's department and other uses. The college exercises were then commenced by complainant, under great disadvantages, owing to the delays and wilful conduct of the said appellant in not complying with his contract in relation to the erection of said buildings by the said 15th day of September.

The bill charges that, while complainant was soliciting scholarships and obtaining donations from his friends in different parts of the State, to aid the enterprise, appellant, in violation of his agreement and his duty to complainant as a partner, caused the form of subscription for scholarships to be changed, which had been left in his hands and which belonged to the partnership, and took them in his own name as proprietor and financial agent for Brookhaven College, and released the subscribers from their obligation to complainant and appellant jointly, thereby defrauding complainant of his interest in said college based upon said scholarship subscription. That appellant had obtained scholarship subscriptions from two other persons, amounting to $500, to the benefit of which complainant is entitled, as joint owner. That appellant made various propositions and efforts to get complainant to abandon this enterprise or yield it to him, which were all rejected. That he sold the houses occupied by complainant in conducting the exercises of the college. That complainant never at any time ceased his efforts in behalf of the college, until forced to do so by appellant. That appellant excluded complainant and his wife from all participation in the conduct of the partnership.

The demurrer to this bill admits the facts to be true as stated therein.

The error relied on for reversal here is the overruling of appellant's demurrer in the court below, for the second and third

adds, that as a general proposition, however, this distinction between the definite and indefinite limitation, in point of endurance of a partnership contract, must be received, it is presumed, not without qualification. In many such cases, though the partnership could be immediately dissolved, the performance of the agreement (like the execution of a lien after the expiration of the term) might be important, as investing the complainant with the legal rights for which he contracted. Gow on Partnership, page 110, 111. And in the case of *Birchet et al.* v. *Bolling*, 5 Munf. R., page 442, an agreement of this character was decreed to be performed. Mr. Story in his work on partnership lays down the same doctrine, and with the qualification as stated by Mr. Gow. Story on Partnership, section 189, and notes, page 286.

Without the exercise of this jurisdiction by a court of equity, the complainant would be without a remedy. In no other way could he be invested with the legal title to his interest in the partnership property.

Let the decree below, overruling the demurrer, be affirmed, with leave to appellant to answer in sixty days from this date, and the cause remanded for further proceedings.