## A. J. LAZAR *v.* A. S. CASTON ET AL.

1. DEED. *Description. Patent ambiguity.*
   A description of land in a deed or declaration as, " north part of southwest quarter of lot two," giving section, township and range, is void for uncertainty.

2. HOMESTEAD EXEMPTION. *Allotment, how made. Necessity for commissioners.*
   The homestead exemption of a defendant in land sold under execution cannot be allotted in an action of ejectment brought by the purchaser. A homestead must be set apart in the first instance in accordance with the statute by commissioners who view the premises, and not by a jury acting on evidence only. See *Rhyne* v. *Guevara, ante,* 139.

3. EJECTMENT. *Homestead in part of land. Judgment subject thereto.*
   Where plaintiff sues in ejectment for land bought at sale under execution against the defendant, and the latter on the trial admits that he does not own a part of the land, but defends as to the rest by proof that it is part of his homestead, it is error, for which plaintiff may complain, to render a general judgment for plaintiff, subject to the defendant's homestead right in *all* the land. This right cannot extend to the part not claimed by the defendant.

FROM the circuit court of Amite county.

HON. J. B. CHRISMAN, Judge.

The plaintiff, A. J. Lazar, instituted this ejectment suit against A. S. Caston, E. A. Caston and Mary E. Caston, to recover one hundred and sixty acres of land. The land is described in the declaration, and in the deeds under which plaintiff derives title as, "north part of S. W. ¼ of lot 2, south half of lot 4, and seventy-eight acres in the south part of lot 5, of section 12, township 2,

range 2 east," and plaintiff claims as purchaser at a sale under execution against the defendants.

The defendants pleaded not guilty, but none of them asserted any defense except A. S. Caston, who admitted, however, on the trial that he did not claim or have title to any lands in the south part of lot 4, or the north part of the S. W. ¼ of lot 2. As to the rest of the land sued for, he claimed that it constituted part of his homestead and the proof sustained this claim.

The plaintiff asked the following instructions :—

1. "The court instructs the jury for the plaintiff, A. J. Lazar, that they should find for the plaintiff, Lazar, that he recover the possession of the north part of the S. W. ¼ of lot no. 2, and the south half of lot no. 4, in section no. 12, township 2, range 2 ; and they may find such amount for damages for the rent of the above two (2) lots of land as they may believe is warranted by the testimony."

2. "Unless they believe from the preponderance of the testimony in the case that the seventy-eight acres in the south part of lot 5 was a part of the homestead of A. S. Caston and E. A. Caston, they should find for the plaintiff such amount for damages as they may believe is warranted by the testimony."

3. "Although they may believe from the evidence in this case that the seventy-eight acres in the south part of lot 5 was a part of the homestead of A. S. and E. A. Caston, yet under the facts in this case the plaintiff is entitled to recover as to the said lot 5, and they should so find."

These instructions and also those asked by the defendant were refused, and in lieu of them the court instructed the jury to find a verdict for the plaintiff subject to the homestead exemption of defendants, A. E. and A. S. Caston, and their right to the possession thereof. The jury returned a verdict in the language of the instruction, and judgment was rendered in accordance therewith. Afterward plaintiff moved the court to amend the judgment so as to make it correspond with the "evident intention of the verdict of the jury as supported by the facts, so that the same shall state that plaintiff shall recover for the lands in lots 2 and 4, and the defend-

ants, for the land in lot 5." This motion, as well as the motion for a new trial, was overruled and plaintiff appeals.

*T. McKnight*, for appellant.

The first instruction for plaintiff should have been granted. The only defense asserted by appellee was as to that part of the lands in controversy in lot 5. He disclaimed any residence upon, or ownership of the remainder of the land.

The second instruction submitted to the jury the question of fact whether the 78 acres in lot 5 was part of the homestead, and was perfectly applicable to the case as shown by the record.

It was error for the court, *sua sponte*, to give an instruction, especially one that withdrew from the jury all discretion in passing on the evidence.

I submit that the judgment here should be either, (1) that appellant recover all the land sued for, or (2) that he recover for the north part of S. W. ¼ of lot 2, and the south part of lot 4, or (3) that he be awarded a new trial.

*Cassedy & Ratcliff*, for appellees.

The lands in controversy having been sold under execution without allotment of the homestead, the purchaser became a tenant in common with the exemptionist. *Letchford* v. *Cary*, 52 Miss. 791; and it was so held in the case at bar on a former appeal.

It is not denied that appellees are entitled to their homestead exemption, and this being true the verdict was correct. The judgment was the only one that could be rendered, and gives to the appellant, all he could possibly expect, leaving to appellees their homestead, which can be allotted in the proper manner.

COOPER, J., delivered the opinion of the court.

The court properly refused the instructions asked by the plaintiff.

The first instruction is erroneous in so far as it announces the right of the plaintiff to recover the, "north part of the southwest quarter of lot 2." This description, which runs through the plaintiff's declaration and chain of title, is void for uncertainty. It is

impossible to determine whether one acre or forty is claimed, or where in the subdivision it is located.

The second instruction is erroneous in its assumption that the homestead exemption may be allotted in an action of ejectment. Homesteads are to be set apart by commissioners, who view the premises, and not by a jury proceeding on evidence only.

We find no facts in the record warranting the third instruction asked.

But the court erred in directing the jury to find a general verdict for the plaintiff, subject to the defendant's homestead rights in the whole tract of land. The defendant himself denied that he owned any land in lot 4, a part of which is demanded by the plaintiff. If this be true, his homestead right cannot extend to that lot.

On the facts as they now appear, the verdict should have been for the defendant as to the land in lot 2, for the plaintiff for the south half of lot 4, and for the plaintiff for the seventy-eight acres in lot 5, subject to the defendant's homestead rights therein.

*Judgment reversed.*