Statement of the case.

WARREN TYLER ET AL. *v.* L. W. HERRING.

1. TRUST DEED.  *Power of sale.  Possession by trustee.*
    Where a trust deed provides that upon default "the trustees shall imme-
    diately take possession, and having given notice sell the land conveyed,"
    such possession is not a condition precedent to the power of sale. *Vaughn*
    v. *Powell*, 65 Miss. 402.

2. TRUSTEE'S SALE.  *Ministerial acts.  Agent.*
    The merely ministerial acts of posting notices and conducting the sale may
    be performed without the presence of the trustee by an agent selected
    by him, if the trustee ratifies such acts and makes the deed.

3. TRUSTEE'S SALE.  *Acts in pais.  Presumption.*
    Where a trustee sells land under a trust deed, a proper conveyance by him
    is *prima facie* evidence of the performance of all necessary ministerial
    acts before sale.  But this is a mere presumption, and, if there is evi-
    dence to impeach the sale, one who attacks it is not required to show,
    by a preponderance of the evidence, that such acts were not performed.

4. SAME.  *Notice.  Presumption.  Evidence.  Instruction.*
    Where plaintiff in ejectment, claiming under a trustee's sale, not resting on
    the presumption arising from his deed, introduces the trustee who testifies
    that he only knows from information that notice of sale was given, and
    the other evidence leaves room to doubt whether it was properly given,
    it is error to charge the jury that the burden of proof is on the defend-
    ant to show by a preponderance of evidence, to the satisfaction of the
    jury, that notice was not given.

FROM the circuit court of Attala county.

HON. C. H. CAMPBELL, Judge.

Appellee brought this ejectment suit to recover certain land
bought by him at trustee's sale under a trust deed given by appel-
lants to secure a debt due to him by them.

The trustee, who lived in another county, was unable on account
of sickness to attend and conduct the sale in person, and directed
his brother as his agent to make it.  This was done, and the trus-
tee ratified the sale and made the deed.

The trustee demanded of appellants the possession of the land
before the sale for the purpose of selling, but was refused and pro-
ceeded to sell without such possession.

---

---

The other facts necessary to a proper understanding of the points passed upon are stated in the opinion.

*Haden & Dodd*, for appellants.

It was error to give plaintiff's instructions and to refuse those of defendants touching the burden of proof. The plaintiff attempted to prove that the proper notice of sale was given, and whenever he did this we submit that it devolved on him to do so.

(Counsel reviewed the case of *Johns* v. *Sergeant*, 45 Miss. 332, and the case of *Vaughn* v. *Powell*, 65 Ib. 401, seeking to have the views announced in them modified.)

*Monroe McClurg* and *Brame & Alexander*, for appellee.

Taking possession of the land by the trustee was not a prerequisite to the exercise of the power of sale. *Enochs* v. *Miller*, 60 Miss. 21 ; *Vaughn* v. *Powell*, 65 Ib. 401.

It was lawful for the trustee to employ an agent to make the sale. *Johns* v. *Sergeant*, 45 Miss. 332.

The burden of proof was upon appellants to show that the notices were not posted. " The presumption is to be indulged that the trustee did those acts *in pais* which were conditions precedent to a valid sale by him, and the burden of showing the contrary is on those who question the validity of the sale." *Graham* v. *Fitts*, 53 Miss. 307.

Cooper, J., delivered the opinion of the court.

The sale under the deed of trust was not invalid, either because the trustee did not take possession of the land before the sale or for the reason that, the trustee being sick, the land was cried off by a person selected by him, whose act he afterwards ratified and approved.

The provision of the deed of trust that "upon default of payment of the debt secured, the trustee shall immediately take possession, and having given notice sell the land conveyed, etc.," was intended to confer upon the trustee the right of possession, but did not make such taking possession a condition precedent to the power of sale. *Vaughn* v. *Powell*, 65 Miss. 402.

The performance of the mere ministerial acts of posting the notices and making the sale by agents selected by the trustee does not affect the validity of the sale. *Jones* v. *Sergeant,* 45 Miss. 332.

The deed from the trustee to the purchaser Herring (who was beneficiary in the deed of trust) recites that the sale was made after notice had been given in the manner prescribed by the deed. This was by posting notices in three public places in the county for the period of ten days preceding the day of sale.

The trustee was introduced as a witness on behalf of plaintiffs, and on cross-examination stated that he did not personally post any one of the notices, and only knows they were posted by what he has been told. Other evidence introduced by plaintiff showed that one of the notices had been posted for the required time; as to the other two it appears that the trustee gave them to an agent and directed him to post one at Briscoe's mill and the other at Rickett's mill, these being public places within the county. It was then proved by a certain witness that some time before the sale of the property he saw the two notices at the above-named places, but this witness could not remember whether this was ten days before the day of sale.

In this condition of the evidence the court, at the instance of the plaintiff, charged the jury as follows:—

" The law presumes that the notices were posted as stated in the trustee's deed, and if the defendants deny that they were, they must show to the satisfaction of the jury by the evidence, that they were not so posted."

The first instruction for the defendants, which was refused by the court was this : " The burden of proof is upon the plaintiff to satisfy the minds of the jury by a preponderance of the evidence before them that Monroe McClurg, trustee, posted or had notices posted in three public places in Attala county of the sale of the lands in controversy, and if the jury are not so satisfied, they must find for the defendants."

If by the instruction given for the plaintiff it was intended to state that the recitals in the deed of the trustee that the notices

had been posted should control until it was shown by positive and direct testimony that they were not so posted, then the instruction was too rigid against the defendants. The presumption is to be indulged that the trustee did those acts *in pais*, which were conditions precedent to a valid exercise of the power of sale, as held in *Graham* v. *Fitts*, 53 Miss. 307, and in the absence of any evidence to the contrary, such presumption must prevail. But it is not required of the defendant to rebut such presumption by introducing evidence sufficient to show that the notices were not in fact posted. The presumption is not a conclusive one; its force and effect may be impaired by any competent evidence, and when opposing evidence is introduced sufficient to produce an equilibrium, or to leave the preponderance so slightly in favor of the presumption arising from the deed, as that the jury do not believe the act to have been done, then the defendants are entitled to their verdict.

The court by refusing the instruction asked by the defendants, that the burden of proof was upon the plaintiff to establish the fact of posting the notices imposed upon them, not the burden of meeting a *prima facie* case, made by the plaintiff's evidence, but the burden of producing a clear and sufficient preponderance of evidence on the whole case. The true view is that the plaintiff begins and ends with the burden of proof. Introducing the trustee's deed he makes a *prima facie* case; it then devolves upon the defendant to meet the case thus made, failing in which the plaintiff is entitled to recover. But the defendant meets the case made by the plaintiff when his evidence equals in value and weight that of the plaintiff or so nearly does so as to leave the plaintiff's evidence insufficient to establish the fact it was introduced to prove.

In the case before us if the jury on the whole evidence believed the notices to have been given as required by the deed of trust, the plaintiff was entitled to a verdict: if on the other hand, on the whole evidence, they were unable to say that the notices were so posted, then the plaintiff failed to make out his case and the verdict should have been for the defendant.

*The judgment is reversed and cause remanded.*