BUTLER *v*. R. B. THOMAS & Co. *et al.**

(Division A.   April 23, 1928.   Suggestion of Error Overruled May 14, 1928.)

[116 So. 824.   No. 27041.]

*Corpus Juris-Cyc. References: Mortgages, 41CJ, p. 967, n. 4; p. 993, n. 55; As to description of land in deed or contract by reference to street number, see annotation in L. R. A. 1918C, 521; 8 R. C. L. 1077; 2 R. C. L. Supp. 716; 4 R. C. L. Supp. 588.

*R. N. & H. B. Miller* and *R. H. Thompson,* for appellant.

*Wilson & Henley,* for appellees.

Argued orally by *W. S. Henley* for appellant.

Cook, J. On April 9, 1920, the appellant, Alice Butler, executed a deed of trust to W. M. Wilson, conveying, in trust, eighty acres of land to secure the payment of an indebtedness of one hundred eighty-eight dollars and eighty cents. On January 11, 1924, she executed a deed of trust to the appellee, R. B. Thomas & Co., to secure the sum of ten dollars and advances to be made to her by that company, conveying, in trust, the same land described and conveyed in the Wilson deed of trust. In September, 1924, Wilson advertised the land for sale under his deed of trust, and, on the day fixed for the sale, at the request of the appellant, the appellee R. B. Thomas & Co. paid off the balance due Wilson, including costs and fees, and took an assignment of the Wilson deed of trust. On the 27th day of September, 1924, the appellant executed a third deed of trust on the same land in favor of the appellee R. B. Thomas & Co. to secure the amount then due under the two former deeds of trust held by it, it being expressly provided in the last trust deed that it was taken as additional or cumulative security to the two former deeds of trust, and that the liens of the former deeds of trust were not canceled thereby. The first deed of trust executed in favor of the appellee R. B. Thomas & Co. provided that, in case of default, the sale of the property conveyed thereby should be made at the front door of the mayor's office in the town of Crystal Springs, Miss., which the Wilson deed of trust which was assigned to R. B. Thomas & Co., and the last deed of trust in favor of that company, provided for a sale of the property at the front door of the courthouse in Hazlehurst, Miss.

The appellant having failed to pay the indebtedness secured by these deeds of trust, the trustee properly sub-

stituted in each of them advertised the property for sale under all three of the deeds of trust, the sale to be made on March 22, 1926, at the front door of the courthouse at Hazlehurst. In pursuance of this advertisement, the property was sold to the appellee R. B. Thomas & Co. for the sum of two hundred dollars, and afterwards conveyed by it to Barney Morrow for four hundred thirty-eight dollars, the amount shown by the evidence in this cause to have been due R. B. Thomas & Co. at the date of the sale. In the advertisement of sale, and the trustee's deed executed in pursuance thereof, the land to be sold and sold was described as the south half of northeast quarter, section 7, township 1 north, range 2 west, but a designation of the county and state, in which the land is situated, was omitted.

On April 20, 1926, the appellant filed a bill in the chancery court of Copiah county, against the defendants R. B. Thomas & Co. and Barney Morrow, alleging that the trustee's deed to the defendant company, and the deed from R. B. Thomas & Co. to the defendant, Barney Morrow, were void, and praying for the cancellation of these instruments, and also for the appointment of a master to determine the amount due by her to R. B. Thomas & Co., and averring that she was able, willing, and ready to pay whatever amount was ascertained to be due. The cause was heard upon bill, answer, and proof, and a decree was rendered dismissing the bill of complaint, and from this decree this appeal was prosecuted.

The first point upon which the appellant seeks a reversal of the decree of the court below is that the trustee's deed is void for the reason that the advertisement of the sale under the deeds of trust, and the trustee's deed, omit designating the county and state in which the land is located.

In the early case of *Hanna* v. *Renfro et al.*, 32 Miss. 125, it was held that a "deed which designates the land sold by the proper section, township and range, but omits

to designate the county or state in which it is situated, is not void for uncertainty; such omission creates a latent ambiguity which may be explained by parol evidence showing the identity of land.'' This doctrine was reaffirmed in the case of *Peacher et ux.* v. *Strauss et al.,* 47 Miss. 353, and, so far as we are advised, it has never been modified. Consequently, there is no merit in this contention of appellant.

The principal contention of appellant is that the trustee's deed is void, for the reason that the trustee advertised to sell, under all three deeds of trust, at the front door of the courthouse in Hazlehurst, and so sold the land, while one of the deeds of trust provided for a sale at another and different place from that at which the sale was advertised to take place and was actually made.

The first two deeds of trust, which embraced the same land, but secured different debts due, after the assignment of the Wilson deed of trust, to the same beneficiary, provided for sales at different places, one of them providing for a sale at the front door of the courthouse at Hazlehurst. The proof shows that, at the time of the execution of this third and last deed of trust, the total amount of the debts secured by the first two deeds of trust was three hundred seven dollars and eighty-three cents, and these debts were combined in a new note for that sum, and to secure this combined indebtedness, as evidenced by this note, the third deed of trust on the same land was executed by the appellant. This deed of trust provided for a sale at the front door of the courthouse in Hazlehurst, and, under it, the beneficiary undoubtedly had the power to sell the land at that place to satisfy the entire indebtedness secured thereby.

The indebtedness secured by this deed of trust included the entire indebtedness secured by the two former deeds of trust, and, if a sale had been made under the last deed of trust to pay and satisfy the indebtedness secured thereby, the beneficiary could not have again sold the same land to satisfy the same indebtedness; and, since the sale

was made at the place provided for in the deed of trust securing the combined indebtedness, we are unable to see wherein the rights of the grantor in these deeds of trust have been prejudiced or in any wise affected by reason of the fact that the trustee's notice and advertisement of sale referred, for its authority, to all three of the deeds of trust. There were no intervening equities of third parties involved, and we think the argument that bidders would be misled or deterred is purely speculative, and without any substantial basis of fact. We think, therefore, that the trustee's deed is valid, and, since the court below so held, its decree will be affirmed.

*Affirmed.*