GRIFFIN, et al. *v.* LAND, et al.

June 9, 1952.

No. 38427 (59 So. (2d) 290)

**Eugene Gerald, John Fraiser** and **Hardy Lott,** for appellants.

John T. McCully, and Wilbourn & Wilbourn, for appellees.

**Kyle, J.**

Hart Griffin and Sallie Griffin, as complainants, filed a bill in the Chancery Court of Kemper County against W. A. Land, and Pettus Land, Trustee, M. H. Savell, C. W. Gray, and A. Deweese Lumber Company, as defendants, asking for the cancellation of a trustee's deed of conveyance of 270 acres of land executed by Pettus Land, as Trustee, to W. A. Land on October 5, 1940, pursuant to a foreclosure sale of said land made by the said trustee under a mortgage deed of trust executed by the complainants to the said trustee on September 30, 1935, to secure the payment of certain indebtedness due and owing by the complainants to the said W. A. Land; and in their bill of complaint the complainants asked for an accounting by the said W. A. Land for the rents and profits and the proceeds of the sale of timber received by him since the date of the foreclosure of the mortgage deed of trust.

In their bill of complaint the complainants alleged that the foreclosure of the above mentioned deed of trust was invalid and that the purported deed of conveyance of said lands by Pettus Land, Trustee, to the said W. A. Land was void, for the reason that the lands conveyed in the mortgage deed of trust were insufficiently described in the mortgage deed of trust in that no mention was made of the county and state in which the lands were situated; and for the reason that the trustee's notice of sale of the lands did not contain a valid description of the property which was to be offered for sale. Other grounds were also alleged to invalidate the sale, but the other grounds were not sustained by the proof and have not been pressed upon this appeal. The complainants in their bill offered to pay any balance that might be due and owing by them

to W. A. Land after all proper credits had been allowed on the indebtedness.

The defendant, W. A. Land, in his answer denied that the foreclosure sale was invalid for any of the reasons alleged in the bill of complaint, and denied in detail the facts alleged in the bill of complaint as grounds for the cancellation of the trustee's deed of conveyance. The other defendants filed separate answers. Pettus Land, as Trustee, in his answer admitted the sale of the lands by him as trustee, but denied that the sale was invalid for any of the reasons alleged in the bill of complaint. M. H. Savell and C. W. Gray in their answer admitted that they had purchased the timber on the lands from W. A. Land on January 5, 1949, for the sum of $8,500, and that they had gone upon the lands and cut the timber under authority of the timber deed which they had received from W. A. Land. The A. Deweese Lumber Company in its answer admitted that it had advanced money to Savell and Gray, which was secured by a mortgage deed of trust on said timber, and averred that said indebtedness had been fully paid, and that it claimed no interest in the lands.

After the defendants had filed their answers, the complainants' attorneys discovered that page 7 of the bill of complaint, which contained the detailed allegations relating to the invalidity of the notice of sale and the insufficiency of the description of the lands advertised for sale, had either been lost or removed from the bill of complaint, after the bill had been filed; and the complainants filed a petition asking that the court restore the missing page, a carbon copy of which was attached to the petition, as a part of the bill of complaint. The chancellor, after a formal hearing on the petition, found that the missing page had been included in the bill of complaint at the time the bill was filed and had been lost or removed from the bill after it was filed; and the chancellor entered an order restoring the missing page as a part of the bill of complaint.

Thereafter the defendant, W. A. Land, filed an amended answer to the bill of complaint, and in his amended answer the defendant again denied the complainant's allegations that the foreclosure sale was void for the reasons set out in the bill of complaint; and in his amended answer the defendant denied that the court had authority to permit the restoration of page 7 as a part of the original bill, and averred that the matters set forth on page 7 of the original bill should be treated as an amendment to the bill, and that said matters constituted a new cause of action which was barred by the ten-year statute of limitations. The defendant, W. A. Land, with his amended answer, filed a cross bill in which he asked that the claims of the complainants and cross defendants be cancelled, and that he be declared to be the legal owner of the lands in controversy. The complainants then filed a motion to strike from the defendants' answer that part of the answer relating to the action of the court in permitting the restoration of page 7 as a part of the bill of complaint, and the motion to strike was sustained.

The cause was heard before the chancellor upon the pleadings and proof. The testimony showed that the lands involved in the foreclosure sale had been owned by the complainants since 1922; and that the deed of trust executed by the complainants on September 30, 1935, had been given in renewal of former deeds of trusts held by W. A. Land, which covered the same property. The testimony showed that after the foreclosure sale on October 5, 1940, the complainants moved off of the lands and thereafter lived in Washington County. W. A. Land testified that the lands were unoccupied during the year 1941, but that after that year he rented the lands from year to year for several years, and collected a small amount of rent from the tenants; that he executed an oil and gas lease on the lands on August 27, 1946, and that he executed a timber deed to M. H. Savell and C. W. Gray on January 5, 1949, conveying to Savell and Gray the merchantable timber on the lands.

The chancellor held that the foreclosure sale was valid and entered a decree dismissing the bill of complaint and sustaining the prayer of the defendant's cross bill; and from that decree the complainants have prosecuted this appeal. The defendant, W. A. Land, has prosecuted a cross appeal, in which he has assigned as errors the action of the court in permitting the complainants to restore page 7 as a part of the original bill of complaint, and in sustaining the complainants' motion to strike from the defendant's answer that part of the answer that related to the action of the court in permitting the restoration of page 7 as a part of the original bill.

We shall dispose of the questions raised in the cross appeal first.

 The chancellor had the inherent power to entertain the petition of the complainants for a restoration of page 7 as a part of the original bill of complaint. Bowman v. McLaughlin, 45 Miss. 461; Welch v. H. M. Smith & Co., 65 Miss. 394, 4 So. 340.

The chancellor heard proof on the petition, and after a full hearing, found that the missing page was included in the original bill at the time it was filed, and that it had been removed or lost; and the chancellor ordered that page 7 of the original bill be restored as a part of the pleading. The issue of fact presented by the petition was sharply contested, but there is ample evidence to support the chancellor's finding. We therefore hold that there is no merit in the points raised on the appellee's cross appeal.

The main questions presented for our decision on the appellants' direct appeal are the questions arising out of the defects in the description of the lands embraced in the mortgage deed of trust and the defects in the description of the lands in the trustee's notice of sale.

The lands actually owned by Hart Griffin and Sallie Griffin, at the time of the execution of the mortgage deed of trust to W. A. Land on September 30, 1935, and intended to be embraced and included in the mortgage deed

of trust, were the lands described as follows: W½ of SE¼, SE ¼ of SE¼, NE¼ of SE¼ less ten acres in the northeast corner, and E½ of SW¼, Section 6, and NE¼ of NE¼, Section 7, all in Township 10 North, Range 15 East, in Kemper County, Mississippi, and containing in the aggregate 270 acres.

The lands were described in the mortgage deed of trust as follows: "E½ of SW¼ and W½ of SE¼ and SE¼ of SE¼ and frac. of 30 A in NE of SE in Sec. 6-T 10, R 15, East, and NE of NE in Sec. 7, T 10-1 R 15 East containing 270 A more or less."

The lands were described in the trustee's notice of sale as follows: "E½ of the SW¼ and W½ of SE¼ and SE¼ of SE¼ and fraction of 30a in NE¼ of SE¼ in Section 6, Township 10, Range 15 and NE¼ of NE¼ in Section 7, Township 10, Range 15 East, containing 270 acres more or less.

The lands were described in the trustee's deed of conveyance to W. A. Land, dated October 5, 1940, as follows: "E½ of the SW¼, and the W½ of the SE¼, and the SE¼ of SE¼, and a fraction of 30 acres of the NE¼ of the SE¼, Section 6, Township 10, Range 15, and the NE¼ of the NE¼, Section 7, Township 10, Range 15, containing 270 acres, more or less."

In none of the above mentioned instruments was it specifically stated that the lands were situated in Kemper County, or in the State of Mississippi. The deed of trust did recite that the property described therein was owned by and was in the possession of Hart Griffin and Sallie Griffin when the deed of trust was executed in 1935. But that recital did not appear as a part of the description of the lands in the trustee's notice of sale or in the trustee's deed of conveyance to W. A. Land.

We are of the opinion that, under the rule laid down by this Court in the case of Yellowly v. Beardsley, 76 Miss. 613, 24 So. 973, 71 Am. St. Rep. 536, and in the later case of Hancock v. Pyle, 191 Miss. 546, 3 So. (2d) 851, the foreclosure sale was invalid because the lands were not prop-

erly described in the deed of trust or in the trustee's notice of the sale.

■■ This Court has held in several cases that the omission of the state and county in the description of lands does not make the description void for uncertainty, where the section, township and range are properly given. Hanna v. Renfro, 32 Miss. 125; Peacher v. Strauss, 47 Miss. 353; Ladnier v. Ladnier, 75 Miss. 777, 23 So. 430; Butler v. R. B. Thomas & Co., 150 Miss. 804, 116 So. 824.

■■ But in the case that we now have before us the mortgage deed of trust and the notice of sale not only failed to show that the lands described therein were situated in Kemper County, Mississippi, but they also failed to show definitely the township and range. In the deed of trust and in the notice of sale the township is mentioned only as "Township 10", and nowhere does it appear that the township referred to was "Township 10 North." If the name of the county had been mentioned in describing the lands, the designation of the township as "Township 10" would have been sufficient, for the reason that Township 10 in Kemper County would have meant Township 10 North, there being no other Township 10 in Kemper County. But the designation of the township as Township 10, with the name of the county omitted, was insufficient to identify the lands as being in Township 10 North or as being situated in Kemper County.

The most serious defect in the foreclosure proceedings, however, was the failure of the trustee to describe properly in the notice of sale the 30 acres of land in the Northeast Quarter of the Southeast Quarter of Section 6. This 30-acre tract was described in the notice of sale as "fraction of 30a in NE¼ of SE¼,.in Section 6, Township 10, Range 15." And the reference to the book and page where the deed of trust was recorded furnished no better clue to the exact location of the 30-acre tract of land intended to be described in the notice of sale. This Court has held in a long line of cases that ■■ a description of land as a certain number of acres of a larger tract,

without a more specific designation of the location of the land intended to be described, is insufficient to constitute a valid description of the land. Cogburn v. Hunt, 54 Miss. 675, 676; Dingey v. Paxton, 60 Miss. 1038; Lazar v. Caston, 67 Miss. 275, 7 So. 321; Nelson v. Abernathy, 74 Miss. 164, 21 So. 150; Delk v. Hubbard, 153 Miss. 869, 121 So. 845; Ransom v. Young, 176 Miss. 194, 168 So. 473. The description of the 30-acre tract was wholly insufficient to enable prospective bidders to identify the land to be sold. There was nothing in the notice of sale to indicate what part of the Northeast Quarter of the Southeast Quarter of Section 6 the trustee proposed to sell, and there was nothing in the deed of trust which was referred to in the notice that would serve as a guide to enable prospective bidders to locate the fraction of 30 acres of the 40-acre tract which the complainants had owned and occupied at the time of the execution of the deed of trust five years before the date of the foreclosure sale.

In the case of Yellowly v. Beardsley, supra, and again in the later case of Hancock v. Pyle, supra, this Court quoted with approval the following principle found in Freeman's note on Tyler v. Herring, 67 Miss. 169, 6 So. 840; 19 Am. St. Rep. 288: ██ █ " 'Manifestly, the objects to be accomplished by a notice of sale are to advise the public of what is to be sold, and the time when, and the place where, and the terms upon which, it may be bought; and the essentials of a notice of sale under a trust deed are therefore a statement of the time, place, and terms of sale, and such a description of the property to be sold as, if read by persons familiar with the neighborhood, will advise them of what is to be sold, and upon what terms it can be bought, and induce them to attend the sale as prospective bidders, should they feel an inclination to invest in the property to be sold.' " [76 Miss. 613, 24 So. 974.] And, as pointed out by Judge Whitfield in his opinion in the Yellowly case, Mr. Freeman concluded his statement by saying that " 'under ordinary

circumstances, it is indispensable, in a notice of sale, to set forth the time and the place of sale, and a correct description of the property.' '' The purpose of the notice of sale is not only to notify the mortgagor that the lands will be sold under the power conferred in the deed of trust, but also to notify the public, in order that the property may bring a fair price. Yellowly v. Beardsley, supra; Hancock v. Pyle, supra; 2 Perry on Trusts, Sections 608-o, 608-r; 37 Am. Jur. p. 130, Mortgages, Par. 681; 59 C. J. S., Mortgages, Sec. 563, p. 929.

The failure of the trustee to describe the 30 acres of land in the NE¼ of the SE¼ of Section 6, which constituted a part of the 270 acres of land advertised for sale, may have been a controlling factor in deterring prospective bidders from bidding on the land when it was offered for sale by the trustee. Without a more definite description of the land offered for sale, it would have been impossible for a prospective bidder to make an intelligent bid for the 30-acre tract, when it was offered separately, or for the entire 270 acres of land, when the lands were offered as a whole. And in addition to what has been said above, it is not unreasonable to assume that persons of average intelligence and business prudence may have been deterred from bidding on the lands at the foreclosure sale because of the likelihood that the title conveyed by the trustee would be subject to attack on account of the patent defects in the description of the property. Federal Land Bank v. Collom, 201 Miss. 266, 28 So. (2d) 126.

For the reasons stated above, the decree of the lower court will be reversed and a decree will be entered here setting aside the foreclosure sale of the 270 acres of land made by Pettus Land, as Trustee, to the defendant, W. A. Land, on October 5, 1940, and cancelling the deed of conveyance executed by Pettus Land, as Trustee, to W. A. Land; and the cause will be remanded to the lower court for an accounting of the rents, income and profits received by the defendant, W. A. Land, or for the

reasonable rental value of the land, during the period of time that the defendant has had the land in his possession, and for an accounting for the value of the timber sold by the defendant to M. H. Savell and C. W. Gray, and for an accounting as to the indebtedness due and owing by the complainants to the defendant, and for such other proceedings as may be proper under the pleadings.

The decree of the lower court is therefore reversed on direct appeal, and judgment entered here in favor of the appellants, setting aside the foreclosure sale and cancelling the deed of conveyance of Pettus Land, Trustee, to W. A. Land; and the cause is remanded to the lower court for further proceedings in conformity with the opinion of this Court, and the case is affirmed on the appellee's cross appeal.

Reversed on direct appeal and judgment rendered for the appellants and cause remanded.

Affirmed on cross appeal.

McGehee, C. J., and Alexander, Lee, and Ethridge, JJ., concur.