SEAL, et ux. *v.* ANDERSON

No. 40923 February 9, 1959 108 So. 2d 864

250

*Williams & Williams*, Poplarville, for appellants.

*George W. Currie, George C. Currie,* Hattiesburg, for appellee.

McGehee, C.

The appeal taken here is by Elbert Seal and his wife, Mrs. Willie Mae Seal, from a decree of the Chancery Court of Forrest County dismissing their answer and cross-bill in which they sought to have cancelled and annulled a deed of trust, foreclosure proceedings thereunder and the trustee's deed. They further asked that the

claim of title of the appellee, Earl R. Anderson, to the surface of the twenty acres of land involved, based upon the deed of trust foreclosure proceedings and the trustee's deed be cancelled as a cloud upon their title.

While the record on this appeal consists of two volumes it is composed largely of pleadings and exhibits, and the only issue in the case is whether or not the appellants instead of the appellee own the title to the surface of the twenty acres of land described as the S½ of the NE¼ of the Sec. 11, T 1 S, R 13 W, in Forrest County, Mississippi.

On November 15, 1945 the appellants, L. E. Seal and wife conveyed the land above described unto E. H. Skipper for a valuable consideration. On that same day, E. H. Skipper executed a deed of trust to B. L. Moss, trustee for the benefit of the Hattiesburg Production Credit Association of Hattiesburg, Mississippi, to secure an indebtedness of $1,500 for money loaned by the beneficiary to the said grantor. This deed of trust was recorded in the Chattel Deed of Trust Records of Forrest County. In this deed of trust the twenty acres of land were erroneously described as the "S½ of NE¼ of SE¼, Sec. 11, Tp. 1, R 13." In other words the land was described as being in "Tp. 1" instead of "Tp. 1 S". This same error appeared in the notice of the sale of the land under foreclosure proceedings in the name of R. L. Calhoun, substituted trustee, but the same was described in the substituted trustee's deed as the "south half of northeast quarter of southeast quarter of Section Eleven, Township One South, Range Thirteen, containing twenty acres more or less * * *."

It appears that the instrument substituting R. L. Calhoun as trustee in the place and stead of B. L. Moss was lodged with the clerk for record before the sale but "was not spread at large on the records", that is to say the land records, but only on the chattel deed records, before the advertisement for the sale of the land, and as to

which see Camp, et al. v. Celtic Land and Improvement Co., 129 Miss. 417, 91 So. 897.

According to the stipulation dictated into the record upon the trial and the undisputed proof, the plats of the government survey which were introduced in evidence showed that there is a Tp. 1*S* and a Tp. 1 *N*, R. 13 W in Forrest County, but it is not contended that there is a ''T 1, R 13 W'' in the vicinity of the twenty acres of land here involved, and to which the description used in the deed of trust and notice of sale thereto could apply.

■■ ■ Moreover, under Secs. 879 and 890, Code of 1942, it is intended that mortgages and deeds of trust on land and instruments whereby a trustee is substituted in any such deeds of trust should be recorded in the ''Records of Mortgages and Deeds of Trust on Land'', whereas the only record in which this deed of trust from E. H. Skipper to the Hattiesburg Production Credit Association, purporting to convey the land in controversy, was recorded was in the Chattel Mortgage and Deeds of Trust Records of Forrest County, Mississippi, and the only record in which the appointment of R. L. Colhoun, substituted trustee, appears in the Chattel Mortgages and Deeds of Trust Records, and the said last mentioned instrument appears to be indexed only in the index of Chattel Mortgages and Deeds of Trust. There is no dispute as to the facts hereinbefore stated.

The beneficiary in the deed of trust, Hattiesburg Production Credit Association, purchased the land at the foreclosure sale on March 12, 1948 at and for the sum of $100, which we assume was credited against the indebtedness secured by the deed of trust. In the meantime the grantor in the deed of trust, E. H. Skipper, had, on June 24, 1946, reconveyed the land by a proper description to the said L. E. Seal and Mrs. L. Seal, the appellants, whom it seems had remained in the possession thereof following the sale by them to the said E. H. Skipper on November 15, 1945.

 The precise point of our decision is whether or not the description contained in the deed of trust and in the notice of sale is so fatally defective as to render the deed of trust and the foreclosure thereof void; that is to say whether or not the description created a patent ambiguity that cannot be aided by proof, for the reason that there is no land in Forrest County to which the description can be made to apply. It is contended by the appellants that the description is of property unknown to governmental surveys or maps.

The question at issue was considered by this Court in the recent case of Griffin v. Land Co., 214 Miss. 557, 59 So. 2d 290. In that case the land owned by the mortgagors was not clearly described in the deed of trust and in the notice of sale, one of the defects in the description being, as stated by the Court, that: "The township is mentioned only as township 10 and nowhere does it appear that the township referred to was township 10 north." We held that the deed of trust was void and the foreclosure sale was set aside, the Court saying: "We are of the opinion that, under the rule laid down by this Court in the case of Yellowly v. Beardsley, 76 Miss. 613, 24 So. 973, 71 Am. St. Rep. 536, and in the later case of Hancock v. Pyle, 191 Miss. 546, 3 So. 2d 851, the foreclosure sale was invalid because the lands were not properly described in the deed of trust or in the trustee's notice of the sale.

"This Court has held in several cases that the omission of the state and county in the description of lands does not make the description void for uncertainty, where the section, township and range are properly given. Hanna v. Renfro, 32 Miss. 125; Peacher v. Strauss, 47 Miss. 353; Ladnier v. Ladnier, 75 Miss. 777, 23 So. 430; Butler v. R. B. Thomas & Co., 150 Miss. 804, 116 So. 824.

"But in the case that we now have before us the mortgage deed of trust and the notice of sale not only failed to show that the lands described therein were situated

in Kemper County, Mississippi, but they also failed to show definitely the township and range. In the deed of trust and in the notice of sale the township is mentioned only as 'Township 10', and nowhere does it appear that the township referred to was 'Township 10 North'. If the name of the county had been mentioned in describing the lands, the designation of the township as 'Township 10' would have been sufficient, for the reason that Township 10 in Kemper County would have meant Township 10 North, there being no other Township 10 in Kemper County. But the designation of the township as Township 10, with the name of the county omitted, was insufficient to identify the lands as being in Township 10 North or as being situated in Kemper County.

\* \* \* \* \*

 "(4) In the case of Yellowly v. Beardsley, supra, and again in the later case of Hancock v. Pyle, supra, this Court quoted with approval the following principle found in Freeman's note on Tyler v. Herring, 67 Miss. 169, 6 So. 840; 19 Am. St. Rep. 288: ' "Manifestly, the objects to be accomplished by a notice of sale are to advise the public of what is to be sold, and the time when, and the place where, and the terms upon which, it may be bought; and the essentials of a notice of sale under a trust deed are therefore a statement of the time, place, and terms of sale, and such a description of the property to be sold us as, if read by persons familiar with the neighborhood, will advise them of what is to be sold, and upon what terms it can be bought, and induce them to attend the sale as prospective bidders, should they feel an inclination to invest in the property to be sold." ' (76 Miss. 613, 24 So. 974.) And, as pointed out by Judge Whitfield in his opinion in the Yellowly case, Mr. Freeman concluded his statement by saying that ' "under ordinary circumstances, it is indispensable, in a notice of sale, to set forth the time and the place of sale, and a correct description of the property." ' The

purpose of the notice of sale is not only to notify the mortgagor that the lands will be sold under the power conferred in the deed of trust, but also to notify the public, in order that the property may bring a fair price. Yellowly v. Beardsley, supra; Hancock v. Pyle, supra; 2 Perry on Trusts, Sections 608-o 608-r; 37 Am. Jur. p. 130, Mortgages, Par. 681; 59 C. J. S., Mortgages, Sec. 563, p. 929.

\* \* \* \* \*

"And in addition to what has been said above, it is not unreasonable to assume that persons of average intelligence and business prudence may have been deterred from bidding on the lands at the foreclosure sale because of the likelihood that the title conveyed by the trustee would be subject to attack on account of the patent defects in the description of the property. Federal Land Bank v. Collum, 201 Miss. 266, 28 So. 2d 126."

Manifestly, the description contained in the deed of trust and the notice of sale here involved does not correctly describe the property here involved. In the *Griffin* case, supra, the name of the county had been omitted, and the Court held that if the name of the county had been mentioned, the description would have been good because there was no other Township 10 in Kemper County. However, in the instant case, we find from the proof that there is a Township 1 *N* and a Township 1 *S*, but there is no "Township 1" in Forrest County.

The case of Hancock, et al v. Pyle, et al, 191 Miss. 546, 3 So. 2d 851 is likewise in point on its facts, except that in that case the error in the description also appeared in the trustee's deed whereas in the instant case the land in question was properly described in the trustee's deed, but the trustee was without authority to convey by his deed to the purchaser any land that was not described in the deed of trust and in the notice of sale.

In the earlier case of Gibbs v. Hall, (Miss.), 38 So. 369, this Court speaking through Judge Truly held:

"The tax collector's deed under which appellant claims is absolutely void by reason of its material variance from the description of the property on the assessment roll by virtue of which the sale was made. These vital defects in the description cannot be remedied, nor can the omissions be supplied by parol testimony. Leavenworth v. Greenville Wharf & Storage Co. (Miss.) 35 South. 138; Crawford v. McLaurin, 83 Miss. 265, 35 South. 209, 949. It is not in the power of a tax collector to remedy a defective description on the assessment roll by voluntarily inserting a different description in the deed which he executes to the purchaser."

Section 879, Code of 1942 provides how mortgages and deeds of trust on land shall be recorded. Section 890, Code of 1942 reads as follows: "Sales of land made under deeds of trust by substituted trustees shall not convey the interest of the grantor or grantors therein, but shall be absolutely null and void, both at law and in equity, unless the substitution shall appear of record in the office of the chancery clerk of the county where the land is situated, and unless it shall so appear by being actually spread at large upon the record before the first advertisement or notice of sale shall have been posted or published; the filing for record or lodging with the clerk not being sufficient. Such substitution, however, may so appear by a separate instrument recorded as above set out in all respects, or a copy of such substitution may be recorded as above set out."

However, we do not base our decision upon any irregularity in the indexing or recordation of the instruments referred to but solely on the ground that the land was not adequately described in either the deed of trust or notice of sale thereunder.

Reversed and judgment here for the appellants.

*Lee, Kyle, Arrington* and *Gillespie, JJ.*, concur.