579 So.2d 550 (1991)
Mike Arthur STEVENSON
v.
Joe Jackson STEVENSON and Lucy S. Jackson.
No. 90-CA-0236.
Supreme Court of Mississippi.
April 17, 1991.
*551 Cleve McDowell, Drew, for appellant.
John W. Whitten, Jr., Breland & Hilburn, Sumner, for appellees.
Before ROY NOBLE LEE, C.J., and SULLIVAN and PITTMAN, JJ.
SULLIVAN, Justice, for the Court:
In 1952, Mrs. Arky Stevenson deeded to two of her children, Verda Stevenson and O.V. Stevenson, forty acres of real property located in the Second Judicial District of Tallahatchie County, Mississippi described as "The Southwest Quarter of the Southeast Quarter in Section 32, Township 24 North, Range 2 West." When O.V. Stevenson died, he left his interest in the property, share and share alike, to his wife, Rachel McNeely Stevenson, and four sons, Mike Arthur Stevenson, Charles Vernon Stevenson, Joe Jackson Stevenson, and Dan David Stevenson. Verda Stevenson, by will filed with the court on April 17, 1987, left a life estate in her twenty-acre parcel to her nephew, Joe Jackson Stevenson.
On September 16, 1987, Joe filed a Complaint asking for partition of the forty acres so that he could enjoy his life estate in the twenty acres. Rachel Stevenson, Mike Stevenson, Charles Stevenson, and Dan Stevenson were issued summonses as interested parties.[1] When those parties failed to respond, the court entered a Decree by Default.
On January 5, 1988, the court appointed three Commissioners, H.O. Pullen, Floyd Cole and L.W. Kimzey, and an Engineer, Raymond Barker, to divide the land. The Commissioners and the Engineer went to the property on January 15, 1988 in compliance with the directive from the court. Mike Stevenson, who lives in the residence on the land, appeared and ordered them off the premises. The Commissioners left without completing their work. Joe filed a Motion with the court asking that Mike be held in civil contempt.
Mike responded to the Motion stating that the Commissioners did not enter into the oath required of them by statute before beginning their duties. He also entered an objection to two of the Commissioners, Floyd Cole and H.O. Pullen, because of their longstanding friendship with Joe Stevenson. The court dismissed the Motion *552 for Civil Contempt and ordered that two new Commissioners be appointed. Smith Murphey and Leonard Patterson were named as replacements.
When the Commissioners and Engineer completed their work, they reported that the residence on the property was of substantially higher value than was the rest of the property. They recommended that moiety in excess of $4,000.00 should be paid by the party to whom the residence was allotted. Since none of the parties would agree to pay that amount, the Commissioners recommended that the land be sold and the proceeds divided according to interest.
The court ordered the property to be sold since it was not capable of division and appointed Nick Denley as Special Commissioner to make the sale. The Order contained a description of the property as that located at the "Southwest Quarter of Southeast Quarter of Section 24, Township 24 North, Range 2 West, Tallahatchie County, Mississippi."
Denley gave published notice of the sale which was to be held on May 2, 1989. The notice described the property as "The Southwest Quarter of Southeast Quarter of Section 24, Township 24 North, Range 2 West." Notice of the sale was given to Mike's attorney, Tom Ross, and to Joe Stevenson, Lucy Jackson, Dan Stevenson, and Charles Vernon Stevenson.
The sale was held and the property sold for $20,000.00. The court ordered that expenses be paid from the proceeds and that the remaining amount be distributed as follows: Mike Stevenson, 30%; Charles Vernon Stevenson, 10%; and Joe Stevenson, 50%, which amount was to be deposited in an account from which the interest income would be paid to Joe during his lifetime and the remainder paid to the heirs at law of Verda Stevenson.
On May 16, 1989, Joe Stevenson's attorney, John Whitten, filed a Motion to Correct Scrivener's Mistake. He acknowledged that the description of the property contained an error in several of the documents filed in regard to the partition. The correct description is the "Southwest Quarter of the Southeast Quarter of Section 32, Township 24 North, Range 2 West." Some of the documents, including the notice of sale published in the newspaper, described the property as being in Section 24. The attorney asked that the mistake be corrected and the distribution of the proceeds of the sale upheld since no party in interest had suffered any loss and in fact, attorneys for both sides were present at the sale. The court ordered that the mistake be corrected and a new deed be executed. The court further ordered that the proceeds be distributed.
On September 26, 1989, Lucy Jackson, who purchased the property at the sale, filed a Motion for Writ of Assistance for Possession asking that the court order Mike to be removed from the property since he refused to vacate the land or accept his share of the proceeds. After holding a hearing during which Mike was present without legal representation, the court entered a Writ of Assistance ordering Mike to vacate the property within forty-five days.
Mike filed a Motion asking that the court stay execution of the Writ of Assistance. Among his reasons were his lack of legal representation at the hearing on the Writ, his lack of representation at various other critical stages of the proceedings, his objection to the sale because the land which was advertised was not the land which had been purchased, and his belief that he would suffer irreparable injury. The court overruled the Motion and entered a final judgment closing the proceedings on February 16, 1990. Mike appeals from that judgment.

THE LAW
Mike assigns one issue as error in this appeal. He contends that the partition sale should have been set aside on the ground that the notice of the sale contained an inaccurate and misleading description of the subject property.
When reviewing the findings of fact made by a chancellor, we will not disturb those findings if they are supported by credible evidence and are not manifestly *553 wrong or unless the chancellor has applied an erroneous legal standard. Southern v. Glenn, 568 So.2d 281, 287 (Miss. 1990); Nichols v. Tedder, 547 So.2d 766, 781 (Miss. 1989); Culbreath v. Johnson, 427 So.2d 705, 707-708 (Miss. 1983). When the determination is one of law rather than fact, "the familiar manifest error/substantial evidence rule does not prevent this Court from conducting a de novo review of the chancellor's finding." Planters Bank & Trust Co. v. Sklar, 555 So.2d 1024, 1028 (Miss. 1990).
Van Norman v. Barney, 199 Miss. 581, 24 So.2d 866 (1946), addressed the question which has been raised in the present appeal. The appellant entered the highest bid at a judicial sale but the chancellor refused to approve the sale since the land was incorrectly described in the petition for sale and in the notice of sale. After correcting the description, a second sale was conducted at which the highest bidder was someone other than the appellant. The second sale was not approved because too much time had elapsed between the advertisement and the sale. Finally, a third sale was conducted which was approved by the court. The appellant was not the highest bidder at this sale.
The appellant entered an appeal contending that the first sale should have been confirmed to him. This Court disagreed with that contention. Since the description failed to give the township and range in which the land was located, the sale was void. The Court said that not only might the incorrect description "have deterred others from bidding", but "the Court should not render a decree knowing it to be void and illegal." Van Norman, 199 Miss. at 583, 24 So.2d at 867.
In Griffin, et al. v. Land, et al., 214 Miss. 557, 59 So.2d 290 (1952), an incorrect description was given in the notice of a foreclosure sale. The Court said that although several cases had held that a description was not void for uncertainty where the section, township and range were properly given, the description was void where the notice failed to show the township and range.
This Court explained the rule in those cases where the notice of sale contains an incorrect description.
In the case of Yellowly v. Beardsley, [76 Miss. 613, 24 So. 973, 71 Am.St.Rep. 536], and again in the later case of Hancock v. Pyle, [191 Miss. 546, 3 So.(2d) 851], this Court quoted with approval the following principle found in Freeman's note on Tyler v. Herring, 67 Miss. 169, 6 So. 840, 19 Am.St.Rep. 288: (footnote omitted) "`Manifestly, the objects to be accomplished by a notice of sale are to advise the public of what is to be sold, and the time when, and the place where, and the terms upon which, it may be bought; and the essentials of a notice of sale under a trust deed are therefore a statement of the time, place, and terms of sale, and such a description of the property to be sold as, if read by persons familiar with the neighborhood, will advise them of what is to be sold, and upon what terms it can be bought, and induce them to attend the sale as prospective bidders, should they feel an inclination to invest in the property to be sold.'" [76 Miss. 613, 24 So. 974.] And, as pointed out by Judge Whitfield in his opinion in the Yellowly case, Mr. Freeman concluded his statement by saying that "`under ordinary circumstances, it is indispensable, in a notice of sale, to set forth the time and the place of sale, and a correct description of the property.'"
Griffin, 214 Miss. at 567-568, 59 So.2d at 293-294.
The prospective buyers of the property are an important part of a judicial sale and must be considered. Would "persons of average intelligence and business prudence ... have been deterred from bidding on the lands at the foreclosure sale because of the likelihood that the title conveyed by the trustee would be subject to attack on account of the patent defects in the description of the property?" Seal, et ux. v. Anderson, 235 Miss. 249, 256, 108 So.2d 864, 866-867 (1959) [quoting Griffin, supra, 214 Miss. at 568, 59 So.2d at 294].
The same principle has been applied to the notice of a tax sale. In Nichols v. *554 Modern Diversified Industries, Inc., 317 So.2d 718 (Miss. 1975), a sale was voided because the description in the notice was given as SE 1/4 of the NW 1/4 rather than NE 1/4 of the NW 1/4. The Court said that a correct description is necessary to provide notice to the owner of the property as well as to prospective buyers.
Joe Stevenson and Lucy Jackson contend that the error in the description of the property was harmless for several reasons. For one thing, everyone interested in bidding on the land knew what land was being sold. Indeed, Mike Stevenson's attorney and wife were present at the sale. Furthermore, the error was merely mechanical and was subsequently corrected by the court. Mike failed to object to the correction. In fact, Mike had a deed prepared by his lawyer for his brother Dan's one-fifth interest in the land and the lawyer made the same mistake in the description. The appellees further contend that Mike refused to cooperate during the course of these proceedings. Eventually, even Mike's attorney withdrew from the case because of Mike's lack of cooperation.
An examination of the record reveals that Mike objected to the erroneous description throughout the proceedings. In the first hearing held by the court in these proceedings, Mike expressed his dissatisfaction saying that he did not believe the property was properly sold. Nick Denley, the Tallahatchie County Chancery Clerk who served as Special Commissioner in charge of the partition sale, testified at a second hearing that he had received a letter from Mike after the sale notifying him of the incorrect description.
In that same hearing, Mike testified that when he saw the mistake in the description, he had his wife call Mr. Denley and ask him if he could correct the mistake and Mr. Denley said he could not. Mike also said that he did not go to the sale and bid on the land because of the incorrect description. When the motion was filed to correct the description, Mike said he talked to his lawyer who told him there was nothing to do since the judge had okayed the mistake.
The record contains no indication as to who was present at the sale and entered a bid although the appellees assert in their brief that Mike's wife submitted a bid at the sale. Mike, however, testified that he did not bid on the property because he knew the description was incorrect. He said that he had authorized his wife to purchase the land in his son's name if everything were legal. Mike's wife testified that their actions would have been different if the proper description had been given.
Included in the record is some correspondence from Mike's attorney. A letter dated December 15, 1988 from Mike's attorney, Tom Ross, to Joe's attorney, John Whitten, indicates that Mike told Ross not to approve the Order for Sale of Land in any manner. Ross suggested that Whitten proceed as he saw fit.
On May 31, 1989, Ross wrote a letter to Mike. In the letter, he detailed his reasons for wishing to withdraw from representing Mike in the proceedings. Ross explained that an attorney's signature on a pleading certifies that the pleading has been filed in good faith and that there are grounds for the pleading. Ross did not believe that there were any grounds for objecting to the scrivener's error made by Whitten. He added that he understood "that the order correcting the error has been entered and to have it over-turned, you must act quickly."
Clearly, Mike did wish to object to the erroneous description. Ross refused to object. While the court was acting to correct the description, Ross was in the process of removing himself as Mike's counsel. Mike should not be penalized for failing to formally object to the Order Correcting Scrivener's Mistake when he had instructed his counsel of the moment to enter an objection to the description. Likewise, Mike should not be estopped from now objecting to the erroneous description because his lawyer made a mistake in the deed description since Mike obviously objected to the description throughout the proceedings.
*555 The issue, though, is not the conduct of Mike in these proceedings. The issue is whether the mistake in the description might have deterred other prospective purchasers from bidding. The correct description was the "Southwest Quarter of the Southeast Quarter of Section 32, Township 24 North, Range 2 West." The advertisement described the property as being in Section 24.
While this description may have been sufficient to provide notice to those in the neighborhood who were familiar with the Stevenson property, it might have deterred them from bidding. Like Mike, prospective bidders may have believed that bidding on property which was incorrectly described would subject them to litigation in the future. A description is not void for uncertainty where the section, township, and range have been correctly given. Here, the section was given as 24 rather than 32. That mistake renders the description void for uncertainty. The partition sale is voided. We reverse and remand to the lower court for a new sale.
THE PARTITION SALE IS VOIDED; REVERSED AND REMANDED FOR A NEW PARTITION SALE.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, PITTMAN, BANKS and McRAE, JJ., concur.
NOTES
[1] If contingent remaindermen are to be bound by partition proceedings, they must be made parties to the action. Hemphill v. Mississippi State Highway Commission, 245 Miss. 33, 145 So.2d 455, 460-461 (1962). The record does not indicate who the heirs at law of Verda Stevenson are. We assume that those parties have been joined.