FEDERAL LAND BANK *et al. v.* COLLOM *et al.*

(In Banc. Nov. 25, 1946.)

[28 So. (2d) 126. No. 36227.]

**E. L. Dent,** of Collins, and **Beverly C. Adams** and **R. E. Spivey, Jr.,** both of New Orleans, La., for appellant, Federal Land Bank.

Irwin W. Coleman, C. C. Richmond, and Green & Green, all of Jackson, for appellant, Gulf Refining Company.

**Henry Edmonds,** of Jackson, for appellees.

Argued orally by **E. L. Dent, R. E. Spivey, Jr.,** and **Garner Green,** for appellants, and by **Henry Edmonds,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

On December 15, 1928, M. T. Collom, appellee's father, owned the land involved in this suit. On that date he gave a deed of trust on the land to appellant, Federal Land Bank, to secure the payment of a loan. This deed of trust was recorded in Book 63 at p. 318 of the records of Mortgages and Deeds of Trust of the county wherein the land was situated, which is Smith County in this State. It turns out, however, that there are two pages numbered 318 in the record Book No. 63, one of these carrying the record of a deed of trust from W. E. Sullivan and wife to the Land Bank on entirely different land with a different trustee, the trustee in that deed of trust being Jos. H. Moss, later to be further mentioned.

The trustee named in the Collom deed of trust was J. D. Martin. The instrument provided for the substitution of a trustee, and on the 24th day of October, 1935 the said Land Bank by its vice-president and assistant secretary attempted to substitute a trustee and so to do executed and acknowledged an instrument in the following words and figures:

"The Federal Land Bank of New Orleans, being the present owner and holder of the indebtedness secured by a certain deed of trust executed by M. T. Collum (also known as Tom Collom) Widower appearing of record in Book 63, Page 318, of the Mortgage Records in the office of the Chancery Clerk of Jos. H. Moss County, Mississippi, does hereby constitute and appoint one Smith as Trustee in said deed of trust in the place and stead of the original trustee named therein.

"Witness the corporate signature and seal of said The Federal Land Bank of New Orleans on this the 24th day of October, 1935."

It will appear by said instrument, as now explained, that at the point therein where the name of the county, Smith, should have been inserted there appeared the name of the supposed substituted trustee Jos. H. Moss, and

where the name of the latter should have appeared there was written instead the name of the county. It will be further observed that had an examiner of the quoted instrument sought to gain more light as to what was meant and had turned therefor to p. 318 in Book 63 he would have been as apt to have found there the Sullivan deed of trust in which Jos. H. Moss was already trustee as to have turned to the other p. 318 where the Collom deed of trust with Martin as trustee was recorded. There is nothing in the testimony which shows that a searcher of the records would have been advised by an index that there were two pages 318 at different places in said Record Book No. 63.

The trustee said to have been substituted gave public notice and sold the land at his trustee's sale on November 23, 1935, at which sale the mortgagee, the Land Bank, became the purchaser. Within the time allowed by law the heirs at law of Collom, and all of them, filed their bill to have the same declared invalid because of the insufficiency of and confusion in the attempt to substitute a trustee. Collom had died intestate on July 19, 1934. The complainants offered to do equity by paying any balance due on the deed of trust with interest less the net value of the use of the property since its sale. The bill was sustained and this appeal is from that decree.

Section 2168, Code 1930, same section, Section 890, Code 1942, reads as follows, so far as here pertinent: "Sales of land made under deeds of trust by substituted trustees shall not convey the interest of the grantor or grantors therein, but shall be absolutely null and void, both at law and in equity, unless the substitution shall appear of record in the office of the chancery clerk of the county where the land is situated, and unless it shall so appear by being actually spread at large upon the record before the first advertisement or notice of sale shall have been posted or published; the filing for record or lodging with the clerk not being sufficient; . . ."

A statute in terms such as the one quoted exists in a few states only, and there is a dearth of authority, so far as we have found, on the precise question now before us. We must have recourse to general rules, one of which is that the provisions of a deed of trust as to the manner and form of the execution of the instrument by which the substitution of trustee is made must be strictly complied with, 37 Am. Jur. at p. 445, annotations 98 A. L. R. 1157, and the other, a fundamental principle, that the relationship between mortgagor and mortgagee is one of trust and is such that neither shall so conduct himself in regard to the mortgage or the mortgaged property as to prejudice the substantial rights of the other. Meyers v. American Oil Co., 192 Miss. 180, 187, 5 So. (2d) 218.

A consequent obligation on the part of the mortgagee is that in the steps taken by him in the process of foreclosure under power of sale, including of course any substitution of trustee, he shall exercise due care to see to it that the course pursued shall be reasonably free from any such action as would be liable to deter any of those who would become bidders at the foreclosure sale or to depress the offers of those who bid, and when we consider what would be likely to deter or depress we must look to the average man of intelligent business discretion, not to what would deter or depress one skilled in the law and in the unraveling of legal instruments, if and when the latter were acting for himself and not for others. If the average person were obliged first to consult an attorney before deeming himself justified in appearing as a bidder or in offering a full price this in itself, as to property of small value, such as the property in this case, would become a substantial deterrent so far as the interests of the mortgagee is concerned, and if this has been brought about by the purpose or carelessness of the mortgagee, a remedy against it should be furnished by not allowing the sale to stand.

It may be conceded that had any one of the competent attorneys engaged in this case been personally interested

to become a bidder at the foreclosure sale herein he would not have been greatly disturbed by the careless and confused manner by which the substitution of trustee was made, and that when he sought confirmation by recourse to p. 318 of Book 63 he would have known how to search further in that Book. But as already indicated that would not be the test. The inquiry becomes, rather, what would a layman of average intelligence and business prudence on making an examination of the instrument purporting to make the substitution of trustee, and the record to which it made reference, have concluded as to the safety of a venture by him as a bidder for the property and this at full price? Would he not rather have declined the venture until he first went to see his lawyer and even then would not a competent legal consultant of average caution have advised that a purchase at the foreclosure sale would be in danger of buying also a lawsuit?

On the face of the quoted instrument it is manifest that the mortgagee did not exercise care and it cannot be asserted with much confidence, as we see it, that the result of such carelessness was not such as to create some real likelihood that bidders would be deterred, or their bids depressed, from which it follows that the sale must be declared voidable upon the doing of equity by those who hold under the mortgagor, as they offer to do.

Affirmed and remanded.

**Sydney Smith, C. J.**, did not participate in this decision.