# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CA-01107-COA

WENDY HALL                                                    APPELLANT

v.

GREEN TREE SERVICING, LLC, SUCCESSOR                         APPELLEES
BY MERGER TO WALTER MORTGAGE
COMPANY, LLC AND W. STEWART ROBISON

| | |
|---|---|
| DATE OF JUDGMENT: | 05/28/2013 |
| TRIAL JUDGE: | HON. JANE R. WEATHERSBY |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | ALFRED PETER CUTTURINI |
| ATTORNEYS FOR APPELLEES: | W. STEWART ROBISON |
| | ALTON LAMAR WATTS |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| TRIAL COURT DISPOSITION: | FOUND TITLE OF DISPUTED REAL PROPERTY VESTED IN APPELLEES THROUGH A VALID FORECLOSURE SALE |
| DISPOSITION: | AFFIRMED - 03/24/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ROBERTS AND MAXWELL, JJ.**

**ROBERTS, J., FOR THE COURT:**

¶1.     On September 10, 2012, a foreclosure sale of a piece of residential property located in Sunflower County, Mississippi, was held on the front steps of the Sunflower County Courthouse, with Green Tree Servicing LLC, successor by merger to Walter Mortgage Company (referred to as Green Tree), buying the property. Wendy Hall and James Thomas filed a complaint to set aside the foreclosure sale on the grounds that the property description

was incorrect and that W. Stewart Robison was not the current trustee; thus he did not have the authority to sell the property. The Sunflower County Chancery Court held that the foreclosure sale should not be set aside since Robison was a proper trustee and that there was no significant error in the property description to warrant setting aside the sale. Hall raises the same issues on appeal, but finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. On February 9, 1993, Hall and Thomas executed a deed of trust in favor of Jim Walter Homes Inc. encumbering a piece of real property located in Sunflower County. Attached to the deed of trust was the following property description:

> Commence at the S/W corner of Block 6 of the McInnis First Addition to the Town of Inverness, and run West to the centerline of U.S. Highway No. 49; thence South along the centerline of said highway 938.50 feet; thence North 89 Degrees 19 Minutes East: 34.50 feet to the east right of way of said highway and the point of beginning of the herein described parcel of land; thence continue North 89 Degrees 19 Minutes East 70.0 feet; thence South 87 Degrees 41 Minutes East 14.50 feet; thence South 00 Degrees 12 Minutes East along the top of said ditch 40.4 feet to a grader blade in the center of an east-west ditch; thence North 85 Degrees 36 Minutes West along the center of the east-west ditch 109.5 feet to a grader blade 34.5 feet east of the centerline of the highway; thence North 104.5 feet to the point of beginning, being a part of Block 8, McInnis First Addition according to the official map of Inverness, Mississippi, drawn by L.E. Claiborne, April 7, 1953.

The deed of trust named Robison as trustee. The deed of trust was assigned multiple times, but ultimately ended with a June 15, 2012 assignment to U.S. Bank N.A. as trustee on behalf of Mid-State Trust IV.

¶3. Hall and Thomas defaulted on the deed of trust, so in August 2012, Robison, as

2

trustee, began the foreclosure process. Robison published the notice of a foreclosure sale in the local newspaper with an identical property description as above, except that the word "line" from "centerline" was omitted in one instance. So the property description in the notice of sale read:

> Commence at the S/W corner of Block 6 of the McInnis First Addition to the Town of Inverness, and run West to the centerline of U.S. Highway No. 49; thence South along the centerline of said highway 938.50 feet; thence North 89 Degrees 19 Minutes East: 34.50 feet to the east right of way of said highway and the point of beginning of the herein described parcel of land; thence continue North 89 Degrees 19 Minutes East 70.0 feet; thence South 87 Degrees 41 Minutes East 14.50 feet; thence South 00 Degrees 12 Minutes East along the top of said ditch 40.4 feet to a grader blade in the center of an east-west ditch; thence North 85 Degrees 36 Minutes West along the *center* of the east-west ditch 109.5 feet to a grader blade 34.5 feet east of the centerline of the highway; thence North 104.5 feet to the point of beginning, being a part of Block 8, McInnis First Addition according to the official map of Inverness, Mississippi, drawn by L.E. Claiborne, April 7, 1953.

(Emphasis added). On September 10, 2012, the foreclosure sale was held, and the property was sold to Green Tree. On September 24, 2012, the trustee's deed conveying the property to Green Tree was recorded in Sunflower County.

¶4. On March 1, 2013, Hall and Thomas filed a complaint requesting that the foreclosure sale be set aside and seeking damages and injunctive relief. In their complaint, they alleged that the notice of sale was defective because it did not contain an accurate property description due to the omission of the word "line" from the description. Additionally, they alleged that Robison was no longer the trustee due to the deed of trust's assignment to U.S. Bank; therefore, he did not have the authority to conduct the foreclosure sale. Also, they

3

claimed that the foreclosure sale was defective because the notice of sale did not provide the street address for the Sunflower County Courthouse, which was a deterrent for those bidders who did not know where it was. Lastly, Hall and Thomas claimed that Green Tree intentionally inflicted emotional distress upon them and their families. On the same day, Hall and Thomas also filed a motion for a temporary restraining order and a preliminary injunction requesting that Green Tree be enjoined from taking possession of the property.

¶5. In their separate answers, Green Tree and Robison both denied Hall and Thomas's allegations. Robison also argued that the complaint should be dismissed because it was barred by the doctrine of res judicata, as a default judgment was entered against Hall and Thomas on October 6, 2012, in the Sunflower County Circuit Court. According to the final default judgment filed on February 19, 2013, Green Tree filed suit to recover the property from Hall and Thomas, who failed to plead or otherwise defend their default; therefore, the circuit court ordered the sheriff or another lawful officer to remove Hall and Thomas, and their possessions, from the property. Shortly thereafter, Hall and Thomas instituted the present suit in the chancery court.

¶6. The chancery court held a hearing on March 5, 2013, on Hall and Thomas's motion for a temporary restraining order, which it subsequently denied because Hall testified at the hearing that she and her children would be able to move in with her boyfriend; thus, she would not suffer irreparable injury, loss, or damage. The chancery court held Green Tree's and Robison's motions for dismissal in abeyance. Then, on May 28, 2013, the chancery

4

court heard arguments on the merits. After hearing the evidence, including two expert witnesses' testimonies as to what effect, if any, the omission of the word "line" would make in the property description, the chancery court found in favor of Green Tree and Robison, and it dismissed Hall and Thomas's complaint. The final judgment was entered on June 5, 2013.

¶7. Hall timely filed her notice of appeal on June 26, 2013.[1] On appeal, she raises the following claims:

> I. Whether the [chancery] court erred as a matter of law in finding the omission of the word "line" from the Deed of Trust, Notice of Sale, and Trustee's Deed has no effect on the validity of the legal description and the ensuing foreclosure sale in light of [the appellate] court's requirement for a correct legal description.

> II. Whether the [chancery] court erred as a matter of law in finding that the foreclosure sale conducted by the alleged Trustee, Appellee Robison, was valid in all respects after also finding Plaintiffs indebted to another Trustee, U.S. Bank, N.A., as Trustee on behalf of Mid-State Trust IV.

## STANDARD OF REVIEW

¶8. If the chancery court's findings of fact are based on substantial evidence and the findings are not an abuse of discretion, manifestly wrong, clearly erroneous, or the result of the application of an erroneous legal standard, then this Court will not disturb the chancery court's findings. *Biglane v. Under The Hill Corp.*, 949 So. 2d 9, 13-14 (¶17) (Miss. 2007) (quoting *Cummings v. Benderman*, 681 So. 2d 97, 100 (Miss. 1996)). We review questions of law utilizing the de novo standard. *Id*. at 14 (¶17).

---

[1] While Thomas did participate in the trial, he did not file a notice of appeal; therefore, he is not a party to the present appeal.

ANALYSIS

## I.     Validity of the Property Description

¶9.     Hall's first issue on appeal is that the chancery court erred in finding that the omission of the word "line" from a portion of the legal property description was harmless and that the omission had no impact on the foreclosure sale's validity.  According to Hall, the omission of "line" from "centerline" means that the property description did not correctly describe the property intended to be sold at foreclosure.  While Green Tree's two expert witnesses testified that the omission of "line" would make no difference in the property description's validity, as the description still accurately describes the property, Hall claims that this rationale is based on a surveyor's opinion and not what a "layman of average intelligence and business prudence" would conclude.  Hall says that "[a] centerline to a layman may indicate there are left and right lines, and a center may indicate a point where he [(the layman)] reaches with no expectation of moving beyond that point."  Hall further claims that the average layman would be deterred from bidding on the property because the omission of "line" would make it difficult to ascertain what property was being sold.

¶10.    The Mississippi Supreme Court has held that purpose of a notice of a foreclosure sale is "to advise the public of what is to be sold, and the time when, and place where, and the terms upon which it may be bought."  *Griffin v. Land*, 214 Miss. 557, 567, 59 So. 2d 290, 293-94 (1952) (citation omitted).  Put another way, "the essentials of a notice of sale under a trust deed are . . . a statement of the time, place, and terms of sale, and such a description

of the property to be sold as, if read by persons familiar with the neighborhood, will advise them of what is to be sold . . . ." *Id.* However, even if the notice of sale contains all the essentials, the supreme court has noted that a notice of sale may still be fatally defective if a "layman of average intelligence and business prudence" would be deterred from bidding on the property, as the bid would be considered unsafe. *Fed. Loan Bank v. Collom*, 201 Miss. 266, 277, 28 So. 2d 126, 128 (1946). Furthermore, in regard to errors in property descriptions, the supreme court explained in *Seal v. Anderson*, 235 Miss. 249, 254, 108 So. 2d 864, 865 (1959):

> The precise point of our decision is whether or not the description contained in the deed of trust and in the notice of sale is so fatally defective as to render the deed of trust and the foreclosure thereof void; that is to say whether or not the description created a patent ambiguity that cannot be aided by proof . . . .

¶11. We face the same issue explained in *Seal* of whether a property description is so fatally defective as to set aside the foreclosure.[2] We find that the property description is not fatally defective, as it adequately describes the property being sold. Hall disputes the testimonies of two expert witnesses at trial that there is no difference between "center" and

---

[2] In *Seal*, 235 Miss. at 252, 108 So. 2d at 865, the Seals sought to cancel a deed of trust and foreclosure proceeding on the basis that the property description in the deed of trust and notice of sale described the property as "Tp. 1" instead of "Tp. 1 *S*." Government survey records presented at trial showed that "Tp. 1" could not be located, as the property should have been described as "Tp. 1 *S*" or "Tp. 1 *N*, R 13 W." *Id.* at 253, 108 So. 2d at 865. The supreme court agreed, and it found that the property was not adequately described in the deed of trust or notice of sale. *Id.* at 257, 108 So. 2d at 867 ("[W]e find from the proof that there is a Township 1 *N* and a Township 1 *S*, but there is not 'Township 1' in Forrest County.").

"centerline" when surveying property, but she provides no proof that the property would be any different if measured from the "center" of the ditch as opposed to the "centerline" of the ditch. While the definition of "center" and "centerline" may differ in the dictionary, Hall has failed to demonstrate how an average person, in inspecting the property pursuant to the property description omitting "line," would be unable to ascertain the property being sold or would be deterred from bidding on the property.

¶12. Therefore, we find this issue to be without merit.

## II. Trustee

¶13. Second, Hall contends that Robison was no longer the trustee due to an assignment of the deed of trust; therefore, he lacked the authority to conduct the foreclosure sale.

¶14. Mississippi Code Annotated section 89-5-45 (Rev. 2011) provides that the substitution of a trustee "shall appear of record in the office of the chancery clerk of the county where the land is situated," and be "spread at large upon the record before the first advertisement or notice of sale shall have been posted or published[.]" The initial deed of trust named Robison as trustee, and the record is void of any substitution of a trustee. We note that Hall has cited no authority to support her contention that the assignment of a deed of trust automatically removes the trustee on the initial deed of trust, especially without the proper substitution of a trustee pursuant to section 89-5-45. *See* M.R.A.P. 28(a)(6); *Little v. Norman*, 119 So. 3d 382, 386 (¶14) (Miss. Ct. App. 2013) ("The failure to cite authority in support of arguments operates as a procedural bar on appeal.").

¶15.    We find this issue to be without merit.

¶16.    **THE JUDGMENT OF THE CHANCERY COURT OF SUNFLOWER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**